**LAW OFFICE OF SUSANNAH M. LUND**

702 Mangrove Ave, #320, Chico, CA 95926
(530) 864-2869
susannah@mailfence.com

October 1, 2021

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Eric Lund, et al v. State of California, et al.*, No. 20-17133

Pursuant to Fed. R. App. P. 28(j), Plaintiff-Appellants hereby submit two recent developments for the Court's consideration.

1. On August 18, 2021, the California Supreme Court granted review of *Leon v. Cty. of Riverside*, 64 Cal. App. 5th 837 (2021). The California Supreme Court has summarized the issue in Case No. S269672 as:

> "Is immunity under Government Code section 821.6 limited to actions for malicious prosecution? (See *Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710.)"

This development is relevant because it is the first time the California Supreme Court has revisited its 1974 holding in *Sullivan* that limited the scope of California Government Code section 821.6 to malicious prosecution actions. Since *Sullivan*, the California courts of appeal have decided numerous cases expanding the scope of Section 821.6. However, the Ninth Circuit, as required when the highest court of the state has spoken on a matter of state law, has held firm to the

*Sullivan* holding. In the instant matter, Solano County Defendant-Appellees asked this Court to "predict" that the California Supreme Court would expand its 40-year-old *Sullivan* holding. (Solano AAB-36.) Appellants submit this recent development in support their argument that stare decisis controls the scope of Section 821.6 and that now, more than ever, it would be inappropriate to "predict" what the California Supreme Court might do. (ARB-13.)

  2. On September 30, 2021, California's Governor signed into law Senate Bill 2, which amended California Civil Code section 52.1 (Tome Bane Act) to codify the unavailability of the state immunity provisions provided in Sections 821.6, 844.6, and 845.6 of the Government Code to any cause of action brought against any peace officer under the section, and that the employer indemnification provisions provided in Sections 825, 825.2, 825.4, and 825.6 of the Government Code do, indeed, apply to actions brought against employees under this section.

  This new law is disposes of Appellees' arguments that Section 821.6 requires dismissal of Appellants' state law causes of action brought under the Bane Act. (CHP AAB-29; Solano AAB-37; Vacaville AAB-57.)

Respectfully submitted,

_____
Susannah M. Lund
Law Office of Susannah M. Lund
702 Mangrove Ave #320
Chico, CA 95926

## CERTIFICATE OF COMPLIANCE

    I, Susannah M. Lund, attorney for Plaintiff-Appellants, hereby certifies that the body of this letter is **336** words, in compliance with Fed. R. App. P. 28(j).


Executed: October 1, 2021                                   _____

                                                                                            Susannah M. Lund