*ROB BONTA*
*Attorney General*

State of California
**DEPARTMENT OF JUSTICE**

1515 CLAY STREET, 20TH FLOOR
P.O. BOX 70550
OAKLAND, CA 94612-0550

Public: (510) 879-1300
Telephone: (510) 879-3313
Facsimile: (510) 622-2270
E-Mail: Christopher.Beatty@doj.ca.gov

October 6, 2021

Clerk of the Court
United State Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

RE: *Lund v. Datzman, et al,* United States Court of Appeals for the Ninth Circuit, Ninth Circuit, Case No. 20-17133

Dear Clerk of the Court:

     The California Highway Patrol ("CHP") Appellees submit this response to the Appellants' October 1, 2021 letter pursuant Federal Rules of Appellate Procedure, rule 28, subdivision (j). First, Appellants correctly state that the California Supreme Court is about to determine the issue of whether the immunity within Government Code section 821.6 is limited to actions for malicious prosecution in the *Leon v. County of Riverside*, Supreme Court Case number S269672. In *Leon,* the California Court of Appeal ruled that the "notion that the immunity provided by section 821.6 is limited to claims for malicious prosecution has been repeatedly rejected." *Leon v. County of Riverside*, 64 Cal. App. 5th 837, 855 (2021) *quoting Amylou R. v. County of Riverside*, 28 Cal. App. 4th 1205, 1210 (1994). Again, the district court's application of 821.6 in this matter is consistent with the modern broader application of the immunity. Likewise, Appellants' argument that this Court is bound to the California Supreme Court's forty-seven year old interpretation from *Sullivan v. County of Los Angeles*, 12 Cal.3d 710 (1974) is not in conformity with the majority of California courts as highlighted in *Leon*. (*Id.*) Hence, this Court should reserve its ruling on the application of 821.6 until *Leon* is determined if it intends to overrule the district court's ruling on this issue.

     Second, as noted in Appellants' rule 28 letter the Bane Act was recently amended to eliminate the state immunity provisions for Civil Code section 52.1 claims against peace officers. However, the amendment will go into effect on January 1, 2022, and is not currently the law. Plus, the amended statute will operate prospectively when in effect. *Tapia v. Superior Court,* 53 Cal. 3d 282, 287 (1991) ("It is well settled that a new statute is presumed to operate

October 6, 2021
Page 2

prospectively absent an express declaration of retrospectivity or a clear indication that the electorate, or the legislature, intended otherwise."). Consequently, the amendment of Civil Code section 52.1 does not have any consequence in this matter.

                                  Sincerely,

                                  <ins>/s/Christopher D. Beatty</ins>
                                  CHRISTOPHER D. BEATTY
                                  Deputy Attorney General

            For     ROB BONTA
                     Attorney General

CDB:cs
OK2020900424
10.06.2021 letter to clerk.docx